**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5305-16T4

MANUFACTURERS AND TRADERS
TRUST COMPANY,

       Plaintiff-Respondent/
       Cross-Appellant,

v.

URBAN EDGE PROPERTIES, LP,
and LODI UE LLC,

       Defendants-Appellants/
       Cross-Respondents,

and

MUNICIPALITY OF LODI and
HUDSON PARK REALTY
ASSOCIATES, LP,

       Defendants-Respondents.

_____

Submitted November 26, 2018 – Decided December 3, 2018

Before Judges Sabatino, Haas and Sumners.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000023-16.

Jeffer, Hopkinson & Vogel, and Riker Danzig Scherer Hyland & Perretti LLP, attorneys for appellants/cross-respondents (David H. Altman, Bethany A. Abele, Michael R. O'Donnell, and Jorge A. Sanchez, on the briefs).

Frank T. Luciano, attorney for respondent/cross-appellant Manufacturers and Traders Trust Company.

Alan P. Spiniello, attorney for respondent Borough of Lodi, join in the brief of respondent Manufacturers and Traders Trust Company.

Joseph J. Rotolo, attorney for respondent Hudson Park Realty Associates, LP, join in the brief of respondent Manufacturers and Traders Trust Company.

PER CURIAM

Defendants Urban Edge Properties LP and Lodi UE LLC appeal from the Chancery Division's June 13, 2017 and July 7, 2017 orders, partially granting plaintiff Manufacturers Traders and Trust Company's motion for summary judgment in this dispute over plaintiff's right to use a roadway located on defendants' property.[1] We affirm.

---

[1] The trial court denied the portion of plaintiff's motion in which it sought a declaration that it possessed an easement by prescription over the roadway, and plaintiff has filed a cross-appeal challenging that determination. In a separate June 13, 2017 order, the court denied defendants' motion for summary judgment.

All of the relevant facts underlying this matter are set forth in comprehensive detail in the seventy-two-page written decision rendered by Judge Robert P. Contillo on June 13, 2017. The parties are fully familiar with these facts and, therefore, they will not be repeated here.

Suffice it to say that a fifty-foot wide road, known as Bruan Place, lies at the center of the controversy between the parties. Defendants own and operate a shopping center on the property on which Bruan Place is also situated. Plaintiff owns and operates a bank on an adjacent lot. The shopping center and the bank are located on Essex Street in Lodi. Bruan Place intersects with Essex Street and, for the past forty years, Bruan Place has provided the only means of access from Essex Street to plaintiff's and defendants' properties.

The parties had previously entered into licensing and maintenance agreements under which, among other things, defendants permitted plaintiff's customers to use parking spaces in its shopping center. In November 2015, defendants sought to raise the annual fees it charged plaintiff under these agreements, and plaintiff balked at paying the new assessments. As a result, defendants threatened to prevent plaintiff's employees and customers from using Bruan Place to access the bank.

Plaintiff then filed a complaint against defendants, and sought a declaration that it had the right to use Bruan Place because: (1) it held an implied easement over the roadway because Bruan Place had been described in the deed the original owner issued to plaintiff's predecessor in interest; (2) Bruan Place was a dedicated street and, as such, was a recognized public thoroughfare accessible to plaintiff and the public; and (3) it held an easement by prescription over Bruan Place because it had used it for over three decades. Defendants disagreed with plaintiff's contentions and, because the material facts were not in dispute, the parties eventually filed cross-motions for summary judgment.

In his thorough and thoughtful written opinion, Judge Contillo meticulously considered the parties' competing arguments, made detailed findings of facts in which he examined the chain of title for the properties all the way back to 1949, and rendered sound legal rulings that were fully supported by the governing case law. The judge found that the deed instruments created an implied easement in plaintiff's favor over Bruan Place, and also ruled that this means of ingress and egress from Essex Street to the parties' properties was a dedicated public thoroughfare. However, Judge Contillo rejected plaintiff's claim that it had an exclusive easement by prescription permitting it to control access to Bruan Place.

4

Defendants have appealed the judge's determination that plaintiff was vested with an implied easement over and through Bruan Place, and his finding that this road was a dedicated thoroughfare. In its cross-appeal, plaintiff challenges the judge's denial of its request for a declaration that it held an easement by prescription over Bruan Place. In their respective appellate briefs, the parties have raised the same arguments that Judge Contillo exhaustively considered in his seventy-two page written decision.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court, namely, the standard set forth in Rule 4:46-2(c). Conley v. Guerrero, 228 N.J. 339, 346 (2017). Thus, we consider, as Judge Contillo did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). If there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law. Prudential Prop. & Cas. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). We accord no deference to the trial judge's

conclusions on issues of law and review issues of law de novo. <u>Nicholas v. Mynster</u>, 213 N.J. 463, 478 (2013).

We have considered the parties' contentions in light of the record and applicable legal principles. We are satisfied that Judge Contillo properly found that plaintiff held an implied easement over Bruan Place, and that this road was a dedicated public thoroughfare. The judge also correctly rejected plaintiff's argument that it held an easement by prescription over the road. We therefore affirm for the reasons expressed by Judge Contillo in his detailed written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION